WICKER, J.
| tin this adoption proceeding, appellant appeals the ex parte denial of her Petition for Intrafamily Adoption. For the following reasons, we find that the trial judge erred in dismissing the petition without a hearing as required under La. Ch.C. art. 1253. We therefore vacate the judgment of the trial court and remand this matter for a hearing on the petition as required under La. Ch.C. art. 1253.

FACTS AND PROCEDURAL HISTORY

On February 5, 2016, appellant, Vicki Scallan, filed a “Petition for Intrafamily Adoption” in the Juvenile Court for the Parish of Jefferson, seeking to adopt the minor child, V.S. In her petition, appellant alleged that V.S. has resided with appellant since May 26,2012, pursuant to a Provisional Custody by Mandate executed *1286 by V.S.’s biological mother, Vanessa.[1] Appellant further alleged that she is V.S.’s step-grandmother, stating that she was married to V.S.’s maternal grandfather, Ralph.[2] Appellant also alleged that there was a prior adoption in Ralph’s family, Ralph having consented to the adoption of his daughter Vanessa (V.S.’s biological mother), by her maternal grandparents.
Appellant attached to her petition an authentic “Act of Consent to Adoption” executed by V.S.’s biological mother, Vanessa, on January 22, 2015, pursuant to La. Ch.C. art. 1244. Concerning V.S.’s biological father, the petition alleged that the biological father has at no time served as V.S.’s custodian or provided her primary care. Appellant further alleged that V.S.’s biological father has failed to visit, communicate, or attempt to communicate with V.S. for a period of more than six months and has further failed to comply with a court order of support without | ¿just cause. The petition asserted that the biological father’s consent to the adoption is unnecessary, citing La. Ch.C. art. 1245(B).[3]
On February 26, 2016, the trial judge signed an ex parte order, denying appellant’s petition for intrafamily adoption.[4] In her reasons for judgment, the trial judge found that the petition alleged contradictory facts concerning the -familial relationship between petitioner-appellant and the minor child, V.S. Specifically, the trial judge found that the petition alleged that appellant is V.S.’s step-grandmother, but then subsequently alleged that her previous husband Ralph, V.S.’s maternal grandfather, consented to the adoption of his own daughter Vanessa, who is V.S.’s biological mother. The petition and the attachments thereto further reflect that V.S.’s grandfather Ralph died in 1988, pri- or to her 2004 birth.[5] Thus, the trial judge found that appellant was not sufficiently related by blood, marriage, or affinity and found the petition for intrafamily adoption improper under La. Ch.C. art. 1243. From that judgment, appellant appeals.

DISCUSSION

La. Ch.C. art. 1243 provides for the filing of a petition for intrafamily adoption by a step-grandparent if the “petitioner is related to the child by blood, adoption, or affinity.” La. Ch.C. art. 1253 sets forth the requirements for consideration of a petition for intrafamily adoption. The article provides:
A. The court shall hear the petition for intrafamily adoption within sixty days if there is no opposition or within ninety days if there is opposition. The court may extend this time for up to sixty days for good cause, which may include a showing by the department that it has been impossible to gather the necessary data within the time prescribed. The court may reduce the time to a minimum of fifteen days with written approval of the department and the petitioner.
*1287 B. At this hearing the court shall consider:
(1) Any motion to intervene which has been filed.
|a(2) Any other issues in dispute.
(3) The confidential report of the department, if any.
(4) The report of any criminal records concerning the petitioner, including the nature of the offenses, the number of offenses, and-the length of time between the offenses and between the last offense committed and the petition for intrafamily adoption. The existence of a criminal record of the petitioner shall not be automatic grounds for the court to refuse to grant an intrafamily adoption.
(5) The report of any validated complaints of child abuse or neglect concerning the petitioner.
(6) The testimony of the parties.
C. If the child to be adopted is twelve years of age or older, the court shall solicit and consider his wishes in the matter.
In this appeal, appellant contends that La. Ch.C. art. 1263 instructs that a petition for intrafamily adoption, and a determination of compliance with all requirements therein, “shall” be heard by the district court judge. We agree. La. Ch.C. art. 1263 provides that a petition for intrafamily adoption “shall be heard” by the district court.[6] Accordingly, we find that the trial judge erred in issuing an ex parte dismissal of appellant’s petition for intrafamily adoption without a hearing as required under La. Ch.C. art. 1263. In this appeal, however, we do not opine on the merits of the issue presented, that is, whether appellant. may properly seek to adopt V.S. through an intrafamily adoption. For the reasons provided, we vacate the trial court judgment and remand this matter to the juvenile court for a hearing expeditiously as required under La! Ch.C. art. 1253.

JUDGMENT VACATED; REMANDED

. The Provisional Custody by Mandate, signed by appellant and V.S.’s biological mother, Vanessa, was executed on May 30, 2012. The Honorable Andrea Price Janzen issued a judgment transferring legal custody of V.S. to appellant on December 18, 2013.

. Exhibit A attached to appellant’s petition ■ indicates that her husband, Ralph, died in 1988, prior to V.S.’s birth in 2004.

. The petition further prayed that V.S.’s name be changed to remove V.S.’s surname and replace her surname with appellant’s surname.

. The trial judge also denied as moot appellant’s request for a records check, pursuant to La. Ch.C. art. 1243.2.

. The petition and attachments thereto further reflect that, following her husband's death, appellant remarried.

. See also La. Ch.C. art. 1245 Revision Comments-! 999 (stating that the issue of parental consent, for example, “will be resolved at the hearing required by Article 1253”),